LELAND JERMAINE JOHNSON
Sid #:26662393
S.   R.   C.   I.
777 Stanton Blvd
Ontario, Oregon 97914

Plaintiff, Pro Se

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

LELAND JERMAINE JOHNSON SR

        Plaintiff,

  vs.

AMBER SUNDQUIST, HEIDI STEWARD,
DARYL BORELLO, MIGUEL MELENDEZ,
JOSHUA YBARRA, L. ARRINGTON,
K. BALL, JANE & JOHN DOE's ONE
THROUGH FIVE

        Defendants,

No.    3:25-cv-01850-MTK

(Claims for deprivation of civil
rights under 42 U.S.C § 1983;
First and Fourteenth amendment
rights to free exercise of religion)

**42 U.S.C. § 1983**

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

**(Introduction:)**

This is a § 1983 action filed by Plaintiff, LELAND JERMAINE JOHNSON SR, a state prisoner,

alleging violation of his constitutional rights to receive to be provided with food sufficient to

sustain him in good health that satisfies the dietary laws of his religion. Plaintiff is forced to

consume food that is nutritionally inadequate and/or lack food to sustain everyday life,

retaliation, and violations of First and Fourteenth Amendments of The United States

Constitution. Plaintiff seeks compensatory and declaratory relief for his COMPLAINT against

all defendants, plaintiff alleges as follows:

**(Parties:)**

1.     Plaintiff LELAND JERMAINE JOHNSON SR is an individual and a resident of the State

of Oregon. He is presently a prison inmate, in the custody of the Oregon Department of Corrections

and housed at the Snake River Correctional Institution.

2.     Defendant HEIDI STEWARD was, at all times pertinent to this complaint, an individual

employed as the Director or Assistant Director of ODOC. She is sued herein in her official

capacity.

3.     Defendant AMBER SUNDQUIST was, at all times pertinent to this complaint, an

individual employed by the ODOC. Defendant SUNDQUIST was employed as the Superintendent

of DRCI. She is sued herein in her official capacity.

4.     Defendants STEWARD and SUNDQUIST at all relevant times to this complaint are all

executive level directors of the ODOC and DRCI, with the power and authority to establish policy,

practice, and custom at DRCI during all relevant times to this complaint.

5.     Defendant MIGUEL MELENDEZ was, at all times pertinent to this complaint, an individual employed by the ODOC. Defendant MELENDEZ was employed as CCCF's Chaplain and ODOC's Assistant Religious Administrator of Religious Services. Defendant MELENDEZ is sued herein in his individual and official capacity.

6.     Defendant K. BALL was, at all times pertinent to this complaint, an individual employed by the ODOC. Defendant K. BALL was employed as a Chaplain. Defendant K. BALL is sued herein in his individual and official capacity.

7.     Defendant DARYL BORELLO was, at all times pertinent to this complaint, an individual employed by the ODOC. Defendant BORELLO was employed as ODOC's Administrator of Religious Services. Defendant BORELLO is sued herein in her individual and official capacity.

8.      Defendant JOSHUA YBARRA was, at all times pertinent to this complaint, an individual employed by the ODOC. Defendant YBARRA was employed as American With Disabilities Act Coordinator and Grievance Coordinator. Defendant YBARRA is sued herein in her individual and official capacity.

9.     Defendant L. ARRINGTON was, at all times pertinent to this complaint, an individual employed by the ODOC. Defendant L. ARRINGTON was employed as CCCF's Grievance Coordinator. Defendant L. ARRINGTON is sued herein in his individual and official capacity.

10.     Defendant JOSHUA YBARRA was, at all times pertinent to this complaint, an individual employed by the ODOC. Defendant YBARRA was employed as Americans With Disabilities Act Coordinator and Grievance Coordinator. Defendant YBARRA is sued herein in his individual and official capacity.

11.     Defendants JANE & JOHN DOE's numbers ONE THROUGH FIVE are persons, whose identities are presently unknown to plaintiff, and who committed or participated in the decision,

described below, to refuse to provide necessary and appropriate medical care and treatment to plaintiff, or to retaliate and discriminate against the plaintiff. When the identities of these persons are ascertained by plaintiff through the discovery process in the course of this action, plaintiff will seek the court's permission to further amend this complaint to allege their identities and to describe their participation in causing the harm to plaintiff that is alleged in this action.

**(Jurisdiction and venue:)**

12.     This court has jurisdiction over plaintiff's claims against all of the individual defendants pursuant to 28 U.S.C. § 1331, and 1343.

13.     This Court also has jurisdiction to hear claims against the defendants, pursuant to Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978) because the highest level executives of the agency took part in and/or endorsed the cruel and inhumane punishment and confinement of the plaintiff and/or because the deprivation of plaintiff's rights was pursuant to implementation of policies and/or customs and pursuant to The Oregon Tort Claims Act (ORS 30.260 to 30.300) is a limited waiver of sovereign immunity and the plaintiff has fully complied with all prerequisites to filing suit thereunder, including but not limited to providing timely written notice of claims.

14.     Venue is appropriate in this court because all facts giving rise to this cause of action occurred at the DRCI, located in Jefferson County, Oregon and CCCF, located in Washington County, Oregon

**(Factual allegations:)**

15.     On or about June 5, 2023, plaintiff submitted an AIC Communication Form to defendant MELENDEZ in request of a religious diet, which was answered and returned to the plaintiff on June 11, 2023, stating defendant MELENDEZ would come and speak with the plaintiff.

PAGE 4 – COMPLAINT        LELAND JERMAINE JOHNSON SR 26662393

Defendant MELENDEZ came on June 15, 2023, 10 days after plaintiff sent the original AIC
Communication Form

16.    At this meeting, defendant MELENDEZ informed the plaintiff he would bring paperwork
to him promptly. Plaintiff did not receive paperwork until June 25, 2023, 10 days after being told
he would receive them promptly.

17.    Plaintiff wrote grievance (CCIC-2023-06-026) on June 21, 2023. On June 25, 2025,
plaintiff while receiving the Religious Accommodation Request form (CD 1571) and Religious
Diet Request form (CD 1769), defendant MELENDEZ instructed the plaintiff to fill out the
paperwork "as best as I could" and that he specifically was the only person that plaintiff could
submit these forms to. Defendant MELENDEZ also informed plaintiff that he would be back
within 1-2 days to pick up these forms and submit them to the correct receiving agency.

18.    This action goes against OAR policy # 291-143-0115(4), which states "if the religious
activity, religious item, or special religious diet is not covered by rule or operational practice,
chaplain or designee will have the inmate fill out a Religious Accommodation form (CD 1571).
The inmate must complete the form in the presence of the chaplain or designee".

19.    By not adhering to this policy, defendant MELENDEZ left the plaintiff in a perilous
position for a number of different reasons. The biggest of those being the fact that 11 days has
passed since the plaintiff was given said forms and defendant MELENDEZ has yet to return to
collect the Religious Accommodation Request form (CD 1571) and Religious Diet Request form
(CD 1769).

20.    In that time, plaintiff, was able to fill them out, have copies made, and write a grievance.
At this time, it has been a total of 32 days since the first correspondence to defendant
MELENDEZ about the plaintiff's Religious Diet Accommodation.

21.     The majority of which the plaintiff has spent waiting for a response or defendant

MELENDEZ's presence. Furthermore, everyday this process was prolonged in wait, was another

day which my dietary needs and restrictions was not being met. At that point these actions were

intentional and evasive in an attempt to avoid accommodation of the plaintiff's dietary needs.

22.     On June 21, 2023, the plaintiff submitted a Non-Emergency Health Care Request form

complaining of extreme abdominal pain from excessive undercooked beans daily. Plaintiff

requested something easier on his stomach to digest. Plaintiff stated he was a vegan so he has

limited options in ODOC. Could he please have something for his extreme abdominal pain. The

plaintiff was given a medication by JANE DOE, that had nothing to with treating his abdominal

problems.

23.     On June 29, 2023, Plaintiff wrote an AIC Communication to defendant MELENDEZ

informing him that the Religious Diet Forms he needed me to fill out to have a vegan/plant-base

diet accommodated were finished and ready for pick up. 8 days later, on July 6, 2023, Plaintiff

submitted a grievance regarding the lack of action and response to plaintiff's request, and his diet

accommodation, as the June 29, 2023, AIC Communication had yet to be responded to or acted

on.

24.     On July11, 2023, at or around 10:20 am., Plaintiff cell door was approached by one of the

CCCF male inmate porters. He proceeded to slide the original AIC Communication that the

plaintiff had sent on June 29, 2023, stating that defendant MELENDEZ had asked him to deliver

the AIC Communication Request Form under the plaintiff's door on defendant MELENDEZ's

behalf. Upon receiving the AIC Communication form, the Plaintiff immediately noticed that

nothing had been done with this AIC Communication form of any sort, no notations of any kind

was on the date received or answers lines, there was zero response to the AIC Communication

form whatsoever. It is clear however that the AIC Communication Form made it to defendant MELENDEZ himself.

25.     This act, along with prior willful neglect of plaintiff's request is continual evidence of on-going delay and avoidance of meeting plaintiff's religious dietary needs.

26.     Plaintiff has been addressing this dietary accommodation since day 5 of his incarceration at CCCF. At this time, it had been 40 days and haven't yet to have his Religious Dietary Accommodation forms make it to the proper channels simply because defendant MELENDEZ would not pick them up.

27.     On or about July 6, 2023, Plaintiff was transported to Deer Ridge Correctional Institution (DRCI), where the plaintiff is currently being held.

28.     On or About July 24, 2023, defendant MELENDEZ responded to grievance CCIC-2023-06-026, apologizing for his lateness of his response and the inconvenience this caused the plaintiff while waiting the proper paperwork to request Religious Services to accommodate Plaintiff's religious practice.

29.     On or about July 14, 2023, Plaintiff sent defendant K. BALL at (DRCI) an AIC Communication form to follow-up his request for his (CD 1571) and (CD 1769), defendant MELENDEZ failed to pick-up from plaintiff.

30.     Defendant K. BALL responded via AIC Communication stating that plaintiff can turn his Religious Accommodation forms to him. Plaintiff complied with defendant K. BALL, because defendant MELENDEZ failed to comply to OAR 291-143-0115.

31.     On or about July 25, 2023, Plaintiff sent a Non-Emergency Health Care Request Form complaining of extreme stomach issues, stating he needed help digesting these under cooked beans that he has to eat twice a day.

32.    On or about August 11, 2023, Plaintiff received by mail, denial one of three for his

Religious Diet by defendant DARYL BORELLO, The Administrator of Religious Services.

Instead of adhering to OAR 291-143-0112 (2)(b), the inmate must sign a religious diet

participation agreement committing to adhere to diet requested. Violation of agreement may

result in re-examination of the inmate commitment to the religious tradition which the diet is

observed. An inmate may submit a request for religious accommodation as outlined in OAR 291-

143-0115. Defendant BORELLO weaponized the one-time order the plaintiff made on canteen

for another AIC.

33.    Since there wasn't a contract between (DRCI) and/or ODOC Religious Services and The

Plaintiff, that purchasing these items would be weaponized against him, as he broke no tenets in

the FAITHIST religion, his request for a religious diet accommodation should have not been

denied.

34.    Defendant BORELLO questioned the sincerity of the plaintiff's faith and then goes on

about the Bible, clean and unclean food and preparation that has nothing to do with being a

FAITHIST. Defendant BORELLO never talked to any other FAITHIST before denying the

plaintiff's religious diet request. All flesh and blood are forbidden to consume along with any

food that comes from animals (milk, eggs, gelatin, honey etc.), according to FAITHIST

teachings written down in the OAHSPE scriptures.

35.    Defendant BORELLO made references to the biblical view of cleansing and preparing

foods for Halal and Kosher again has nothing to do with being a FAITHIST.

36.    Plaintiff has followed all grievance and discrimination complaint policies and procedures

with no resolution or acknowledgement for the tenet of his religion.

37.    On July 6, 2023, Plaintiff submitted grievance CCIC 2023_07_002.

38.    On July 11, 2023, Plaintiff submitted grievance CCIC 2023_09_009.

39.    On August 23, 2023, Plaintiff submitted discrimination complaint on the continuous and ongoing burden to practice his religion CCIC 2023_09_012.

40.    On September 17, 2023, Plaintiff submitted to (DRCI) a discrimination complaint for failing to respond to discrimination complaint on the continuous and ongoing burden to practice his religion, CCIC 2023_09_032.

41.    On August 23, 2023, the discrimination complaint CCIC 2023_09_012 was marked received August 24, 2023 by DRCI. This complaint was about the fore abovesaid mention, the continuous and ongoing issues placing a substantial burden on the freedom to practice his religion and depriving him of nutrition to sustain everyday life at (DRCI). Plaintiff issues are currently ongoing at (DRCI), however on September 19, 2023, CCIF 2023_09_012 was denied as untimely.

42.    Plaintiff issues was currently ongoing at DRCI, however on September 29, 2023, CCIF 2023_09_012 was denied as untimely.

43.    Plaintiff appeals stating the facts being timely and plaintiff was denied again. Instead of addressing Plaintiff's issues, grievance coordinator YBARRA at DRCI, sends the issues to grievance coordinator at CCCF, L. ARRINGTON. Once the initial complaint gets denied by L. ARRINGTON at CCCF, any appeals on those issues automatically gets denied for untimeliness alleged at DRCI grievance coordinator, clearly abusing the grievance and discrimination complaint procedure.

44.    On September 11, 2023, Plaintiff submitted a Non-Emergency Health Care Request to be seen by medical for still having stomach issues and the Good Sense Stomach Relief was not helping with severe cramping and gas from my intestines to the plaintiff's anus. Plaintiff was

told by JANE DOE medical staff that being VEGAN is his choice not a right and there is nothing that they can prescribe. This non-action was intentionally and deliberately indifferent treatment.

45.     On or about July 21, 2023, 25 days after the plaintiff received and filled out his Department of Corrections Religious Accommodation Request (CD1571) and Religious Diet Request (CD1769) forms was finally excepted by Defendant DARYL BORELLO.

46.     On August 3, 2023, a denial letter by defendant BORELLO was dated but not received by the plaintiff until several days later. This denial letter by defendant BORELLO misinterpreted the plaintiff's religion as a FAITHIST of THE OAHSPE and the one-time purchase made for another AIC was weaponized against him. Defendant BORELLO also questioned the sincerity of the plaintiff's religious beliefs. This denial was done in a wanton deliberately and indifferently.

47.     On or about August 10, 2023, Plaintiff was told by defendant K. BALL, that the plaintiff can resubmit a Religious Accommodation Request (CD 1571) and Religious Diet Request (CD 1769) six months from July 21, 2023.

48.     On or about February 5, 2024, Plaintiff resubmitted his Religious Accommodation Request (CD 1571) and Religious Diet Request (CD 1769). A denial letter by Defendant BORELLO dated March 14, 2024, once again using the same one-time purchase as a weapon against the plaintiff and again questioning the sincerity of his religious beliefs. This retaliation and denial by defendant BORELLO, was done in a wanton and is intentional deliberate indifferent treatment.

49.     On June 22, 2024, The Plaintiff sent an AIC Communication Form to defendant K. BALL requesting the exact date he may resubmit a Religious Dietary Request (CD1769) and Religious Accommodation Request (CD 1571) form. Defendant K. BALL responded again in writing stating six months from the last request and gave a date being August 6, 2024.

PAGE 10 – COMPLAINT          LELAND JERMAINE JOHNSON SR 26662393

50.    On or about August 5, 2024, for the third time the plaintiff resubmitted a Religious Accommodation Request (CD 1571) and Religious Diet Request (CD 1769). On or about September 9, 2024, a denial letter was sent to the plaintiff from defendant BORELLO stating that DRCI offers a vegan option with there non-meat alternative, which is false and fabricated. This retaliation and denial by defendant BORELLO, was done in a wanton, intentionally and deliberately

51.    Plaintiff appeals the decision on grievance (DRCM 2024_03_034) that defendant K. BALL was held to answer denying the plaintiff's religious diet request for the third time.

52.    Plaintiff appeals to the next level (DRCM 2024_03_034A, defendant K. BALLS denial decision and was answered by defendant MIGUEL MELENDEZ by the way of p.p. STEVEN TOTH. This appeal (DRCM 2024_03_034A) was denied. The chain of exhaustion goes originally to the head Administrator of Religious Services defendant BORELLO as a request for Religious Accommodation and Religious Diet. When plaintiff appealed this denial on a grievance, it was held to be answered by defendant Chaplain K. BALL. When plaintiff appealed to the next level defendant MIGUEL MELENDEZ, Assistant Administrator of Religious Services was held to answer.

53.    On June 22, 2024, Plaintiff sent an AIC Communication Form to S. YOUNG asking for what policy and procedures under division 291 on exhaustion of administrative remedies in furtherance are not applied under his administration. On August 21,2024 this AIC Communication was answered by defendant MIGUEL MELENDEZ stating The ODOC Religious Services Administration uses OAR 291-143, the Religious Activities Rule, to "exercise their religion and integrate their religious faith into their life experience during their

incarceration". Your most recent grievance appeal (DRCM 2024_03_034A) regarding your diet is under further review, in accordance with this rule.

54.     On July 1, 2024, Plaintiff filed a petition in the Circuit Court for Jefferson County (assigned docket number 24CV35579) naming defendant SUNDQUIST as defendant and seeking a writ of habeas corpus directed to her requiring her to provide plaintiff with appropriate religious diet, that she was refusing to provide.

55.     On November 29, 2024, a replication was filed in the Circuit Court for Jefferson County for the plaintiff by and through counsel, Patrick L. Block requesting that the plaintiff be provided with the proper diet that is nutritionally adequate and satisfies the tenets of the FAITHIST religion. And without retaliation by defendants.

56.     On January 15, 2024, a trial date was set for May 27, 2025, in Jefferson Court, Leland Jermaine Johnson Sr vs Amber Sundquist (Supt DRCI) Case number 24CV35579 Constitutional Writs – Habeas Corpus.

57.     On or about January 21, 2025, plaintiff was retaliated on by being placed in segregation without a write up or disciplinary report for none other reason than exercising his rights to have injunctive relief from the courts. Plaintiff was held in segregation for 7 days and on the 8th day was sent to Snake River Correctional Institution even though he was still minimum level 1 unfenced incentive level 3 status.

58.     On February 15, 2025, Plaintiff wrote the counselor Kramer at SRCM requesting to go to the dog program at SRCI. Plaintiff made Kramer aware of his minimum 1 unfenced status. Kramer responded on February 20, 2025, stating there is not a dog program at SRCM currently. She stated however that plaintiff is cleared for DRCM, CRCI, and PRCF with current BHS meds. These can be purchased through canteen if plaintiff want to work with his prescriber to

discontinue the prescribed BHS meds and purchase thru canteen instead? If so, you'd be clear for all minimums and fire crews. Let her know.

59.    On February 21, 2025, Plaintiff wrote counselor Kramer again asking his to talk face to face to discuss other transfer options. On February 26, 2025, Kramer answered by kyte stating that there is a small handful of minimums you are cleared for. She will place a (1206) Which is a transport order for the plaintiff, closet to the county of release. Ultimately the Office of Population Management will determine your location. BHS meds concerns need to be discussed with BHS, as before this does restrict which facilities you are cleared for.

60.    On March 5, 2025, Plaintiff wrote counselor Kramer asking if his (1206) transfer order was submitted to go to a minimum and why was plaintiff sent from a minimum facility DRCM, to a medium maximum facility here at SRCI.  On March 7, 2025, Kramer wrote back stating that a transfer is in place for plaintiff to go to a minimum facility. Kramer stated that she does not know why plaintiff was transferred from DRCM.

61.    On March 17, 2025, a change of venue trial date was set for October 9, 2025, Leland Jermaine Johnson Sr. vs Jamie Miller, case number 24CV35579, Constitutional Writs – Habeas Corpus. As a direct result of the retaliation by the defendants at DRCM.

62.    The defendants HEIDI STEWARD, AMBER SUNDQUIST, DARYL BORELLO, MIGUEL MELENDEZ, JOSHUA YBARRA, L. ARRINGTON, K. BALL, JANE & JOHN DOE'S ONE THROUGH FIVE discriminated against the plaintiff in the following ways:

    a.    The defendants knew that the Free exercise Clause of the U.S. Constitution, protects the plaintiff's right to practice his religion.

    b.    The defendants knew that plaintiff's religious tenets require him to refrain from carnivorous habits.

c.  The defendants denied plaintiff's constitutional right to practice his religion.

d.  The defendants knew that plaintiff requested a religious accommodation and religious diet request for FAITHISTS.

e.  The defendants knew that failure to provide an accommodation for plaintiff's religion would impact his ability to practice plaintiff's religion.

f.  The defendants failed to undertake a fact-specific investigation to determine what constitutes a reasonable accommodation.

g.  Plaintiff was denied free exercise and equal protection when prison officials did not consult with the appropriate religious leaders of the FAITHIST RELIGION.

h.  The defendants placed a "substantial" burden when the prison denied an important benefit because of conduct mandated by religious belief. Thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs. Not "providing" a diet sufficient to sustain plaintiff in good health without violating the plaintiff's religious dietary laws.

i.  The defendants failed to provide reasonable religious diet accommodations in conformance with his religious beliefs amounts to unnecessary rigor and constitutes an immediate, ongoing, and serious health hazard in violation of the plaintiff's rights under the First, Fourteenth and Eight Amendments of the United States Constitution.

63.    The Retaliation Defendants intentionally, and without justification retaliated against plaintiff by placing him in segregation for 7 days because plaintiff petitioned the government for redress of grievances and injunctive relief, not for any legitimate penological purpose, but rather as punishment and retaliation for exercise by plaintiff of his protected constitutional rights to free speech and petition his government for the redress of grievances, in that plaintiff had:

a. Repeatedly sent multiple requests for treatment, wrote letters, and sent kytes to Defendants and repeatedly requested medical care and treatment for his risk for malnutrition, along with major intestinal pain;

b. Repeatedly filed grievances against the Administrator of Religious Services, and Chaplains of ODOC;

c. Filed the legal action cited in paragraph 56 of this complaint.

64.    Medical Defendants, and others were deliberately indifferent to plaintiff's serious medical condition, by failing to provide plaintiff medical treatment for his major intestinal pain.

65.    Plaintiff has satisfied all of his required obligations under the Prison Litigation Reform Act, 42 U.S.C § 1997e.

### (Legal claims:)

CLAIMS AGAINST DEFENDANTS JANE & JOHN DOE's
ONE THROUGH FIVE FOR VIOLATION OF CIVIL RIGHTS

### **FIRST CLAIM**

**(Against defendants HEIDI STEWARD, AMBER SUNDQUIST, DARYL BORELLO, MIGUEL MELENDEZ, JOSHUA YBARRA, L. ARRINGTON, K. BALL, JANE & JOHN DOE'S ONE THROUGH FIVE for violations of 42 U.S.C § 1983:)**

66.    Plaintiff, a state prisoner, is alleging deliberate indifference to his serious medical condition in violation of the 8th Amendment of the U.S. Constitution and Article 1, § 16 of the Oregon Constitution. The above-named defendants were negligent in their care and responsibility, the defendants, failed to provide plaintiff medical treatment for his major intestinal pain.

67.    The Oregon Department of Corrections may be held liable under 42 U.S.C. § 1983 pursuant to Monell v. Department of Social Services of the City of New York, 436 U.S. 658

(1978) because highest level executives of the agency took part in and/or endorsed the cruel and

inhumane punishment and confinement of the plaintiff and/or because the deprivation of

plaintiff's rights was pursuant to implementation of policies and/or customs and/or because the

deliberate indifference amounted to widespread plan, pattern, and practice of subjecting plaintiff

to cruel, inhumane, and unconstitutional conditions of confinement.

68.     The plaintiff had clearly established rights under state and federal law to bodily integrity;

and to be free from cruel and unusual punishment; and to be provided adequate nutrition

sufficient to sustain plaintiff in good health without violating the plaintiff's religious dietary

laws.

69.     The defendant, by virtue of policies, practices, and customs deliberately disregarded

plaintiff's serious, legitimate, religious diet and pressing need for appropriate medical care and

treatment and was deliberately indifferent to the plaintiff's state and federal rights, to his damage

in an amount to be determined.

## SECOND CLAIM

### (Against Defendant DARYL BORELLO for violations of the 1st and 8th Amendments of the U.S. Constitution and Article 1 § 16 and Article 1 § 13 of the Oregon Constitution:)

70.     Plaintiff, a state prisoner, is alleging deliberate indifference to his serious medical

condition in violation of the 8th Amendment of the U.S. Constitution and Article 1, § 16 of the

Oregon Constitution. The defendant Daryl Borello, Administrator of Religious Services, by

virtue of policies, practices, and customs deliberately disregarded plaintiff's serious, legitimate,

religious diet and was deliberately indifferent to the plaintiff's state and federal rights, it also

amounts to unnecessary rigor in violation of Article 1§ 13 of the Oregon Constitution, to his

damage in an amount to be determined.

71.    Defendants were acting under the color of state law at all times relevant to this claim.


72.    The Defendant was deliberately indifferent to the plaintiff's well-established rights and
caused the plaintiff to suffer severe harm.

### THIRD CLAIM

**(Claims against defendant AMBER SUNDQUIST, in her
official capacity as Superintendent of Deer Ridge
Correctional Institution for violations of 42 U.S.C § 1983:)**

73.    Plaintiff re-alleges and incorporates herein all prior paragraphs as though fully set forth

herein.

74.    Defendant was acting under the color of state law at all times relevant to this complaint.

75.    The Defendant was deliberately indifferent to the plaintiff's well-established rights and

caused the plaintiff to suffer severe harm.

### FOURTH CLAIM

**(Against Medical Defendants, JANE & JOHN DOE's ONE THROUGH
FIVE for violation of plaintiff's rights under the 8th Amendment and Article 1 § 16
of the Oregon Constitution:)**

76.    Plaintiff re-alleges and incorporates herein all prior paragraphs as though fully set forth

herein.

77.    The Medical Defendants JANE & JOHN DOE's ONE THROUGH FIVE deliberately

disregarded plaintiff's serious, legitimate, and pressing need for appropriate medical care. They

thereby subjected plaintiff to unconstitutionally cruel and unusual punishment, in violation of the

Eighth to the United States Constitution, it also amounts to unnecessary rigor in violation of

Article 1§ 13 of the Oregon Constitution, to his damage in an amount to be determined.

PAGE  17 – COMPLAINT        LELAND JERMAINE JOHNSON SR 26662393

## FIFTH CLAIM

**(Against Retaliation defendants JANE & JOHN DOE's ONE THROUGH
FIVE for violations of plaintiff's rights under the 1st 8th, 14th Amendments of
the U.S Constitution:)**

78.    Plaintiff re-alleges and incorporates herein all prior paragraphs as though fully set forth

herein.

79.    The Retaliation Defendants JANE & JOHN DOE's ONE THROUGH FIVE unlawfully

retaliated against and punished plaintiff on account of his continuing requests and demands for

appropriate religious diet, medical care and treatment, sending kytes, for filing grievances and

for filing legal action in the State Court, by refusing to provide plaintiff with appropriate

religious diet and placing plaintiff in segregation, sending plaintiff to a medium/maximum

facility and blocking plaintiff's access to legal process.

80.    These Defendants thereby violated plaintiff's rights to free speech and to petition the

government for redress of grievances, guaranteed to him by the First and Fourteenth

Amendments to the United States Constitution, to his damage in an amount to be determined.

## SIXTH CLAIM

**(Against defendants HEIDI STEWARD, AMBER SUNDQUIST, DARYL BORELLO,
MIGUEL MELENDEZ, JOSHUA YBARRA, L. ARRINGTON, K. BALL, JANE & JOHN
DOE'S ONE THROUGH FIVE  for violations of
Plaintiff's rights under Free Exercise Clause:)**

81.    Plaintiff re-alleges and incorporates herein paragraphs 17-66 as though fully set forth

herein.

82.    The First Amendment, equal protection clause requires a state to treat all similarly

situated people equally and free exercise to practice one's religion.

83.    By refusing to provide plaintiff with a religious diet accommodation, the Defendants

imposed hardship, pain and distress on the plaintiff by inaction and conduct undertaken with

PAGE 18 – COMPLAINT          LELAND JERMAINE JOHNSON SR 26662393

deliberate indifference to plaintiff's legitimate religious needs for accommodation as a qualified individual, and violated the First Amendment of the United States Constitution.

## **PRAYER FOR RELIEF**

### **(Jury Demand:)**

84.    Plaintiff hereby requests a trial by jury on all his claims.

WHEREFORE, plaintiff pray that this honorable Court enter judgments in plaintiff's favor on all claims:

A.    Award compensatory damages in the following:

In the amount of $200,000 dollars.

1.    Grant such relief as necessary, up to and including attorney fees once counsel is appointed or secured, as allowed under 42 U.S.C. § 1988, and all other provisions;

2.    For plaintiff's costs and disbursements incurred in this action; and

3.    For such other relief as the court deems just and proper under the circumstances.

**This Complaint was prepared with assistance.**

Respectfully Submitted this _9th_ day of _October_____, 2025.

_Leland Jermaine Johnson SR._
NAME, SID# 26662395

## VERIFICATION

Pursuant to 28 U.S.C § 1746, I, *Leland Jermaine Johnson Sr* declare and verify,

under penalty of perjury under the laws of the United States of America, that I have read the

forgoing COMPLAINT and that it is true and correct to the best of my belief and knowledge.

Dated this *9*ᵗʰ day of *October*, 202*5*

NAME *Leland Jermaine Johnson SR*

SID# *26662393*

**DECLARATION**
(ORCP Rule 1E)

I, Leland Jermaine Johnson Sr., do declare that:

Plaintiff has the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion. Plaintiff is forced to consume food that is nutritionally inadequate and/or lack of food to sustain everyday life. Prior to incarceration, plaintiff has been a practicing Faithist. As Faithists, we abstain from and renounce the carnivorous habit. As Faithists, it is our spiritual belief that impurities contaminate the body and corrupts the flesh, reducing the purity and clarity of the spirit, resulting in a reduction of our Creator's Light, Life Force and Ever Presence within our being. As Faithists, it has been revealed to us that consuming flesh foods causes physical corruption, mental and emotional contention, spiritual darkness and a disbelief in the Creator and HIS EVER PRESENCE. As Faithists, we have been instructed by our Creator not to kill animals or consume their flesh and blood and other by-products that contain their genetic character, e.g. (milk, eggs, gelatin, honey etc.). It is against our Faithist beliefs to consume any impure products or products that are of flesh and blood of animals. Plaintiff has repeatedly through non-emergency health care forms that his diet be corrected, so his health doesn't decline further. Plaintiff has made Chaplain K. Ball and Administrator of Religious Services Daryl Borello effectively aware by letters, Department of Corrections Religious Accommodation Request Forms (CD1571), Religious Diet Request Forms (CD1769) in accordance with OAR 291-143-0112 and OAR 291-143-0115. These conditions have affected plaintiffs sleeping habits and mental capacity (including anxiety), physical and daily activities, a decline in muscle mass, and at risk for malnutrition, along with major intestinal pain.

"I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY

KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS

EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

Dated this 9th day of October, 2025.

_____
(Signature)

Leland Jermaine Johnson Sr.
S.I.D. No. 26662393

## CERTIFICATE OF SERVICE

CASE NAME: _Leland Jermaine Johnson SR._ _Oregon Department of Corrections_

CASE NUMBER: (if known) _____

COMES NOW, _Leland Jermaine Johnson JR_, and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at _Snake River_ _Correctional Institution_.

That on the _9th_ day of _October_, 20_25_, I personally placed in the Correctional Institution's mailing service A TRUE COPY of the following:

_1983 Civil Complaint, Application to proceed In Forma Pauperis,_ _Trust Account Statement, Cover Sheet, Declaration_

I placed the above in a securely enclosed, postage prepaid envelope, to the person(s) named at the places addressed below:

_Clerk of Court_
_U.S. District, District of Oregon_
_1000 SW Third Avenue, Suite 740_
_Portland, OR 97204-2902_

_____
(Signature)

Print Name _Leland Jermaine Johnson SR._
S.I.D. No.: _2116 2393_
_Snake River Correctional Institution_
_777 Stanton Blvd_
_Ontario, OR 97914_

Page 1 of 1 —Certificate of Service                    Form 03.015